IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JIANGMEN KINWAI FURNITURE DECORATION CO. LTD., ) ) ) Plaintiff, ) ) vs. ) ) IHFC PROPERTIES, LLC and ) ZUO MODERN CONTEMPORARY, ) INC., ) ) Defendants. ) | Civil Action No. 1:14-CV-00689 |

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION
FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS FOR TESTIMONY**

Scott Eckman, Julie Messner, Sharisse Cumberbatch, and Richard Krapfel (collectively, the "Witnesses") submit the following Memorandum of Law in Support of their Emergency Motion for Protective Order and to Quash Subpoenas issued by Plaintiff for testimony at the August 6 show cause hearing:

**FACTS**

On May 8, 2015, the Court issued its Order to Show Cause (ECF Doc. 68). The Court thereafter rescheduled the hearing on its Order to Show Cause at Plaintiff's request. The hearing is now scheduled for August 6, 2015. (ECF Doc. 79).

The Order to Show Cause required both Plaintiff and Plaintiff's counsel to submit any evidence they wished to present to the Court in response to the Court's Order by June 5, 2015. On June 5, Plaintiff and Plaintiff's counsel filed their joint Response to the Order to Show Cause. (ECF Doc. 76). The Response included additional evidence. (ECF Doc. 76-1).

-1-

On July 23, 2015, Plaintiff issued subpoenas for the Witnesses to appear and testify at the show cause hearing (the "Subpoenas"). Messner, Cumberbatch, and Krapfel were served at work on July 23, 2015. Eckman was served at his home on the evening of July 27, 2015. Plaintiff has not sought permission from this Court to offer additional evidence at the August 6 show cause hearing.

Additionally, Plaintiff deposed Mr. Krapfel and Ms. Cumberbatch during discovery and had the opportunity to depose Ms. Messner and Mr. Eckman but did not do so.[1]

With the exception of Ms. Cumberbatch, who will attend the August 6 hearing in any event as IHFC's representative for the settlement conference with Magistrate Judge Webster, the other Witnesses are attending the Las Vegas Furniture Market during the week of August 3 and are returning to High Point on the "red eye" from Las Vegas on August 5.

The Witnesses have moved the Court on an emergency basis so that the Court might resolve the Motion in advance of the August 6 show cause hearing.

## ARGUMENT

While the Subpoenas are not discovery subpoenas but are instead to compel attendance and testimony at a hearing, Rule 45(d)(1) nevertheless requires Plaintiff to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."

To enforce that obligation, the Court "must quash or modify a subpoena that: (iv) subjects a person to undue burden." Fed.R.Civ.P. 45(d)(3)(A). When conducting an analysis under Rule 45, the Court "is required to apply the balancing standards: relevance, need, confidentiality and harm. Even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome." Insulate Am. v. Masco

---

[1] With respect to Mr. Eckman, he is not listed as a witness in this case in either party's disclosures and, as a practical matter, did not have any involvement whatsoever in the underlying issues in dispute, not having assumed his current job as head of furniture leasing until January 2015.

-2-

Corp., 227 F.R.D. 427, 432 (W.D.N.C.2005) (citations omitted); see also, Champion Pro Consulting v. Impact Sports, 2014 WL 6686727 at *1 (M.D.N.C.).

In this case, the Subpoenas require the Witnesses to attend the show cause hearing without any likelihood that the Court will entertain their testimony. Specifically, Plaintiff's Motion to Strike (ECF Doc. 65) and Plaintiff's Response to the Court's Order to Show Cause (ECF Doc. 76) do not depend on testimony from the Witnesses and already contain Plaintiff's evidence in support of both the Motion and the Response.

In fact, the Court's Order to Show Cause specifically permitted Plaintiff and Plaintiff's counsel to submit any additional evidence, provided that the evidence was submitted by June 5, 2015. ("The Court will allow the plaintiff and plaintiff's counsel to file such evidence as they wish to present *no later than June 5, 2015*.") (Emphasis Supplied)(ECF Doc. 68, pgs. 6 and 8). Consequently, Plaintiff has no right to submit further evidence at the show cause hearing and has not requested leave from the Court to do so.

In addition to Rule 45's directive, this Court has the inherent authority to manage and control its docket and the hearing of matters before it:

> It has long been recognized that federal courts possess certain implied or inherent powers that are necessary to the exercise of all others. Inherent powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases...." United States v. Moussaoui, 483 F.3d 220, 236 (4th Cir.2007) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962))(other internal quotations and citations omitted).

Rule 45(d)(1) further provides that the court "must enforce this duty [to avoid undue burden or expense] and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." The Witnesses

therefore respectfully submit that Plaintiff and Plaintiff's counsel should be ordered to pay the Witnesses' reasonable attorney's fees incurred in the preparation of their Motion for Protective Order and supporting Memorandum based on the refusal of Plaintiff's counsel to withdraw the Subpoenas. (See, Exhibit "B", ECF Doc. 113-2).

## CONCLUSION

For these reasons, the Witnesses respectfully request that this Court issue a Protective Order quashing the Subpoenas and excusing the Witnesses from attending the show cause hearing pursuant to Rule 45(d)(1) and 45(d)(3) of the Rules of Civil Procedure, as well as the Court's inherent authority to do so, and awarding to the Witnesses their reasonable attorney's fees incurred in the preparation of their Motion and supporting Memorandum due to Plaintiff's unreasonable refusal to withdraw the Subpoenas.

Respectfully submitted the 29th day of July, 2015.

/s/ Andrew S. Lasine
N.C. State Bar No. 10966
KEZIAH GATES LLP
Post Office Box 2608
High Point, North Carolina 27261
Telephone: (336) 889-6900
Facsimile: (336) 889-7055
Email: sam@keziahgates.com
*(Attorney for Witnesses Scott Eckman, Julie Messner, Sharisse Cumberbatch, and Richard Krapfel)*

-4-

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all other parties.

/s/ Andrew S. Lasine
N.C. State Bar No. 10966
KEZIAH GATES LLP
Post Office Box 2608
High Point, North Carolina 27261
Telephone:  (336) 889-6900
Facsimile:  (336) 889-7055
Email:  sam@keziahgates.com
*(Attorney for Witnesses Scott Eckman, Julie Messner, Sharisse Cumberbatch, and Richard Krapfel)*
