IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JIANGMEN KINWAI FURNITURE DECORATION CO. LTD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:14-CV-689 |
| IHFC PROPERTIES, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

This matter is before the Court on requests for attorney's fees, (*see* Docs. 70, 138, 140), filed by the defendant, IHFC Properties, LLC ("IHFC"), and others in connection with motions for protective orders related to subpoenas and discovery requests served by the plaintiff, Jiangmen Kinwai Furniture Decoration Co. Ltd ("Kinwai"), and its attorney, Venus Springs. Because the moving parties successfully obtained protective orders, the discovery sought was unjustified, and compliance with the testimonial subpoenas would have caused an undue burden on the witnesses, an order requiring reimbursement of expenses, including attorney's fees, is appropriate.

## BACKGROUND

This case began as a simple dispute over a lease. The Court has entered many orders in this case providing details about the underlying dispute, (*e.g.,* Doc. 141 at 1-4), and will recite the facts here only as they are relevant to the current matter.

## DISCUSSION

I.  **The Subpoenas to Mr. Eckman, Ms. Messner, Ms. Cumberbatch, and Mr. Krapfel**

Shortly before a hearing directing Kinwai and Ms. Springs to show cause concerning potential Rule 11 violations, Ms. Springs, on behalf of herself and Kinwai, issued and served subpoenas on Scott Eckman, Julie Messner, Sharisse Cumberbatch, and Richard Krapfel compelling them to attend the Rule 11 hearing in order to testify. (Doc. 113-1.) Those witnesses and the defendant IHFC moved for a protective order and to quash the subpoenas, (Doc. 113), which the Court granted. (Doc. 119.) The witnesses and IHFC seek their attorney's fees associated with the motion to quash. (Doc. 138.)

Rule 45(d)(1) provides "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). It also requires the court to "enforce this duty and impose an appropriate sanction—which may include . . . reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

Ms. Springs and Kinwai contend the testimony of these witnesses was relevant at the Rule 11 hearing to show Ms. Springs and Kinwai had no intent to violate Rule 11 and to show IHFC did not employ the witnesses. (Doc. 143 at 5-6.) While there were factual matters at issue at the hearing, whether or not these witnesses were employed by IHFC was not one of them. (*See* Doc. 119 at 3, holding "This factual issue is irrelevant . . . .") The Rule 11 hearing concerned a narrow legal argument and had nothing to do with whether these witnesses were employed by IHFC or some other entity. Nor have Ms.

2

Springs and Kinwai explained why testimony from these witnesses concerning the identity of their employer has anything to do with the intent of Ms. Springs and Kinwai. (*See* Doc. 143 at 5-6.)

Compelling witnesses to attend a court hearing at which their testimony could not be relevant imposes an obvious undue burden on the witnesses. *See, e.g.*, *HDSherer LLC v. Nat. Molecular Testing Corp.*, 292 F.R.D. 305, 308 (D.S.C. 2013) (citing *Cook v. Howard,* 484 F. App'x 805, 812 n.7 (4th Cir. 2012) (unpublished) (per curiam)). Sanctions under Rule 45(d)(1) are thus appropriate.

The Court also has the inherent authority to award attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (quotation omitted). While not necessary to the Court's decision, the Court finds Ms. Springs and Kinwai acted in bad faith and vexatiously by issuing the subpoenas. As noted *supra* and in the Court's previous order, (Doc. 119 at 3), the testimony of these witnesses was patently irrelevant. The Rule 11 hearing did not concern IHFC, the employers of the subpoenaed witnesses, or the witnesses themselves. Issuance of the subpoenas came on the heels of a pattern of abusive discovery practices by Kinwai and Ms. Springs. (*See, e.g.,* Doc. 111 at 1; Doc. 141 at 1.) Kinwai issued the subpoenas barely two weeks before a Court hearing that had been scheduled for months. (*See* Doc. 68 at 7.) Neither Ms. Springs nor Kinwai had indicated to the Court they would need to call any live witnesses, other than Kinwai's representative and Ms. Springs herself. The subpoenaed witnesses are all fact witnesses in the underlying case; they either were or could have been deposed during discovery and

questioned about their employment. (*E.g.*, Doc. 128-11 at 7.) Even if sanctions were not appropriate under Rule 45(d), they would be appropriate in the Court's inherent authority.

The witnesses and IHFC contend an award of attorney's fees is an appropriate sanction. The language of the Rule explicitly contemplates attorney's fees, and here, this sanction will both (i) emphasize to Ms. Springs and Kinwai that it is inappropriate to issue subpoenas willy-nilly, and (ii) reduce the financial burden the issuance of the subpoenas caused.[1] Kinwai and Ms. Springs have not suggested any other appropriate sanction.

The evidence submitted in support of the request for attorney's fees demonstrates those fees are reasonable. The experienced attorney who filed the motion for a protective order has worked on this case since the beginning, and he efficiently prepared the motion and a brief in support, spending less than ten hours total.[2] (Doc. 138-2 at ¶ 13.) He charged his customary hourly rate, the same rate he charged IHFC for his other work on this case. (*Id.* at ¶ 4.) The timeline for the work was short, as the subpoenas were served only a brief time before the hearing at which the witnesses were compelled to attend. (*See* Doc. 138 at ¶¶ 5, 7.) There is no evidence to contradict the credible evidence submitted by the moving parties that the hourly rate and the amount of time spent were reasonable.

---

[1] The uncontroverted evidence shows IHFC is responsible for the attorney's fees incurred in prosecuting the motion to quash and for protective order, (Doc. 138-1 at ¶ 7), so it is appropriate that the fees be paid to IHFC.

[2] The August 27 entry reflects three and one-half hours for a total of $450, which is a typographical error on either the amount of time spent or the fee amount. (*See* Doc. 138-2 at ¶ 13.) At $300 an hour, a fee of $450 would be reached in one and one-half hours. Three and one-half hours at $300 an hour would be $1050. The Court assumes and finds that the typographical error occurred in the number of hours, which should have been one and one-half hours, as that is consistent with the dollar amount reflected in both the August 27 entry and in the total amount set forth elsewhere in the affidavit and in the brief. (*See* Doc. 138-2 at ¶ 14; Doc. 138 at ¶ 17.)

Ms. Springs and Kinwai contend the time entries are not sufficiently itemized for July 23, 28, and 29. (Doc. 143 at 14.) The July 28 entry documents that the attorney spent one hour total reviewing one of the subpoenas, conferring with general counsel, and drafting an email to Ms. Springs. (Doc. 138-2 at ¶ 13.) While "block billing" can make it hard for a court to review a fee application which repeatedly references many of the same tasks in undifferentiated and large blocks of time, *see, e.g., Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 716 (E.D. Va. 2012), there is no such difficulty here; the tasks are specifically identified and do not recur, and an hour is an obviously reasonable amount of time for these several small tasks combined. The same is true for the July 23 and July 29 entries. (*See id.*)

The moving parties suggest Kinwai and Ms. Springs be jointly and severally responsible for the attorney's fees, (Doc. 138 at ¶ 17), and Kinwai and Ms. Springs have not objected to that suggestion. It is appropriate, since Ms. Springs signed the subpoenas on behalf of Kinwai. (Doc. 113-1.)

The Court finds counsel for the moving parties reasonably spent eleven and three-quarters hours on the motion, the hourly rate of $300 is reasonable, and a reasonable attorney's fee is $2925. The Court will grant the motion of the moving parties and order Kinwai and Ms. Springs to pay that sum.

II.     **The Subpoena to the SEC**

In early May 2015, Kinwai issued a subpoena to the Securities and Exchange Commission ("SEC") seeking testimony about various matters. (Doc. 70-1 at 2.) The Court granted, in part, IHFC's emergency motion for a protective order to prevent the

5

deposition by staying the deposition. (Doc. 75.) In denying Kinwai's later motion to lift that stay, the Court found the deposition topics were overbroad, it would be unduly burdensome on IHFC to participate in the deposition, and the deposition was a fishing expedition unlikely to lead to relevant evidence. (Doc. 141 at 14-15.) The Court further found that an award of expenses under Rule 37(a)(5) was fair and appropriate because the attempt to depose the SEC was not justified. (*Id.* at 15-16, 21.)

IHFC now submits evidence in support of its request for its expenses from filing the motion for protective order and responding to Kinwai's effort to lift the stay prohibiting the deposition. (Docs. 140-1, 140-2.) IHFC's experienced counsel spent only eight and one-half hours in connection with the initial motion for protective order, accomplishing in that time the review of the subpoena and its attachments; legal research; communications with Kinwai's counsel; the drafting of a motion, a brief in support, and a proposed order; the review of Kinwai's brief in opposition; and the drafting of a reply brief. (Doc. 140-2 at ¶ 5.) That is a model of efficiency. Counsel was similarly efficient in connection with Kinwai's efforts to lift the stay of the SEC deposition, spending only eight hours to review Kinwai's motion and brief, conduct legal research, write a brief in opposition, and review Kinwai's reply brief. (*Id.*) For the reasons stated *supra* and in the absence of any evidence to the contrary, the Court finds the hourly rate is also reasonable.

Kinwai and Ms. Springs make various arguments directed at the Court's previous decision to award expenses. (*See* Doc. 143 at 12-14.) To the extent those arguments were made before, they have already been considered and rejected. (Doc. 141 at 15-20.) To the extent Kinwai and Ms. Springs attempt to raise new arguments after losing on a

6

contested motion, the Court declines the invitation to give them another bite at the apple. *See Jones v. Dimensions Health Corp.*, No. PWG-13-2250, 2014 WL 1339635, at *3 (D. Md. Apr. 2, 2014). Kinwai does not contend that the hourly rate, amount of time spent, and total amount of the requested fees is not reasonable,[3] and it submits no evidence that would support such a finding.

The Court finds IHFC incurred reasonable attorney's fees in the amount of $4950 in connection with the motions practice related to the SEC deposition. Kinwai will be ordered to pay that amount to IHFC pursuant to Rule 37(a)(5).

### III. The Subpoenas Duces Tecum to IMC Entities

In late June 2015, at the end of the discovery period, Kinwai issued several subpoenas duces tecum to entities associated with IHFC, including IMC Manager LLC, IMC OP LP, and International Market Centers LP. (Docs. 85-1 to -3.) IHFC and the subpoenaed entities filed a motion for a protective order, (Doc. 85), which the Court granted. (Doc. 141 at 21.) After concluding the subpoenas were grossly overbroad, unduly burdensome, and sought information without "even a whiff of potential relevance," (*id.* at 6), the Court found an award of expenses was appropriate under Rule 37(a)(5). (*Id.* at 16-17, 21.)

IHFC now submits evidence in support of its request for expenses associated with filing the motion for a protective order. (*See* Docs. 140-1, 140-2.) Even though the

---

[3] Kinwai challenges the sufficiency of time entries for certain dates covered in the affidavit detailing the work done and time spent, (Doc. 143 at 14), but none of the challenged dates—June 22, 23, and 24, and July 23, 28, and 29—relate to time spent on the SEC motion. (*See* Doc. 140-2 at ¶ 5.)

subpoenas raised a number of complicated issues and required filing motions in both the Middle District and the Western District, counsel for the movants spent less than forty hours on the matter. (Doc. 140-2 at ¶ 7.) During that time, he reviewed the subpoenas, consulted with his clients several times, conducted legal research on several issues, communicated with Kinwai's counsel, drafted briefs in support of motions for protective orders, read Kinwai's briefs in opposition, and drafted reply briefs. (*Id.*) As with his other work, this was very efficient.

Nonetheless, the Court has concerns about awarding attorney's fees for a motion filed in the Western District, even though that motion related to the same discovery. In the exercise of its discretion, the Court will exclude from its award the time spent in connection with that motion.[4] Excluding that time, the Court finds counsel reasonably spent twenty-three and one-half hours on the Middle District motion. For the reasons stated *supra*, the hourly rate is also reasonable.

Kinwai and Ms. Springs make various arguments directed at the Court's previous decision to award expenses. (Doc. 143 at 9-12.) As discussed *supra* p. 6-7, to the extent these arguments were made before, they have been considered and rejected. To the extent Kinwai and Ms. Springs attempt to raise new arguments after losing on a contested motion, the Court declines the invitation to give them such a chance.

---

[4] Because counsel's affidavit, (Doc. 140-2), is specific as to what time was spent on which matter, this is simple. The Court has excluded fourteen hours of total time attributable to the Western District motion, determined as follows: four hours on June 21, one hour on June 23 that the Court finds is reasonable to attribute to the revision of the Western District brief, one hour on July 21, three and one-half hours on July 24, three hours on July 27, one hour on July 28, and half an hour on July 29. (*See* Doc. 140-2 at ¶ 7.) The Court finds the remaining time of twenty-three and one-half hours was reasonably spent on the Middle District motion.

8

Ms. Springs and Kinwai contend the time entries are not sufficiently itemized for June 22, 23, and 24, and July 23, 28, and 29. (Doc. 143 at 14.) The June 22 entry documents that the attorney spent two and one-half hours total on two different tasks: conducting legal research and participating in a telephone conference with Kinwai's counsel and Zuo's counsel. (Doc. 140-2 at ¶ 7.) The legal research topic was specifically identified and did not recur, and, as noted *supra*, counsel spent a quite small amount of time *in toto* on the entire matter. A further breakdown of time spent on each task is not necessary under the circumstances. *See* discussion *supra*, p. 5. The same is true for the rest of the entries.

The Court finds IHFC and the subpoenaed entities incurred reasonable attorney's fees in the amount of $7050 in connection with the motions practice in the Middle District related to the subpoenas duces tecum issued to the affiliated entities.[5] Kinwai is ordered to pay that amount to the affiliated companies pursuant to Rule 37(a)(5).

It is **ORDERED** that:

1. The motions for attorney's fees, (Docs. 70, 138), are **GRANTED**.

2. Kinwai and Venus Springs shall pay the sum of $2925 toward the legal fees incurred by the employer of the subpoenaed witnesses Eckman, Messner, Cumberbatch, and Krapfel, for which IHFC Properties, LLC is responsible, in filing and prosecuting the motion for protective order for these witnesses.

---

[5] The undisputed evidence shows IHFC is ultimately responsible for the legal fees of the IMC entities incurred in connection with these motions. (*E.g.*, Doc. 140-1.)

(Doc. 113.) The liability of Kinwai and Ms. Springs for this amount is joint and several.

3. Kinwai shall pay the sum of $4950 towards the legal fees incurred by IHFC in filing and prosecuting the motion for protective order for the SEC deposition, (Doc. 70), and in defending against Kinwai's efforts to lift the stay of that deposition. (Doc. 83.)

4. Kinwai shall pay the sum of $7050 towards the legal fees incurred by IMC Manager LLC, IMC OP LP, and International Market Centers LP, and for which IHFC is responsible, in filing and prosecuting the motion for protective order in the Middle District of North Carolina for the subpoenas duces tecum to IMC entities. (Doc. 85.)

5. All fees awarded in this Order shall be paid by delivery of checks to counsel for IHFC, payable to Andrew Lasine in trust for his various clients, no later than November 18. Kinwai and Ms. Springs shall file a certification of compliance on the Court docket no later than November 19.

This the 27th day of October, 2015.

_____
UNITED STATES DISTRICT JUDGE