**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

JIANGMEN KINWAI FURNITURE
DECORATION CO. LTD,

        Plaintiff,

   v.

IHFC PROPERTIES, LLC, ET AL.,

        Defendants.

)
)
)
)
)
)
)
)
)
)

1:14CV689

## MEMORANDUM OPINION AND ORDER

Plaintiff Jiangmen Kinwai Furniture Decoration Co. Ltd ("Kinwai") filed the present action, asserting claims stemming from an alleged breach of a lease, against Defendants IHFC Properties, LLC ("IHFC") and Zuo Modern Contemporary, Inc. ("Zuo"). Discussed in this Opinion are eleven motions: (1) IHFC's Motion to Dismiss Second Claim for Relief Contained in Its Counterclaim [Doc. #164], (2) Kinwai's Motion to Dismiss Counter Complaint [Doc. #173], (3) IHFC's Oral Motion for Past Due Rent and Attorney Fees (Jan. 11, 2016), (4) Kinwai's Motion to Strike Response Exhibits [Doc. #185], (5) Kinwai's Motion for Leave to File Amended Answer and Counterclaim [Doc. #192], (6) Kinwai's Cross Motion for Summary Judgment [Doc. #193], (7) Kinwai's Motion to Reconsider Summary Judgment [Doc. #203], (8) Kinwai's Motion to Reconsider and Expunge Document 146, Court Order Finding Plaintiff and its Counsel Violated Rule 11 [Doc. #209], (9) Kinwai's Motion to Reconsider Court Order Finding Bad Faith and Court Ordered Sanctions [Doc. #211], (10) Kinwai's Motion for Sanctions [Doc. #218], and (11)

Kinwai's Emergency Motion to Expedite Rulings [Doc. #221]. All motions are ripe for review. For the reasons stated below, IHFC's motions are granted and Kinwai's motions are denied.

In addition, discussed in this Opinion is the only remaining claim for relief – IHFC's claim for money owed. It is determined that there are no genuine disputes of material fact as to this claim. Therefore, for the reasons explained herein, as a matter of law, Kinwai owes IHFC rent and associated attorney's fees, late charges, and pre-judgment interest as calculated below.

I.

This is a lawsuit about who breached a lease for space at the Furniture Market in High Point, North Carolina. In its Complaint, Kinwai asserted claims for breach of contract, constructive eviction, and breach of duty of good faith and fair dealing against IHFC, a claim for tortious interference with contract and business relationships against Zuo, and claims for unfair and deceptive trade practices and civil conspiracy against both IHFC and Zuo. (Compl. at 9-15 [Doc. #1].) IHFC filed an Amended Answer and Counterclaim against Kinwai asserting a claim for money owed and seeking injunctive relief to enforce a contract provision prohibiting Kinwai from operating another showroom within five miles. (Am. Answer & Countercl., Countercl. ¶¶ 14-30 [Doc. #31].) The majority of this case was resolved in October 2015 when summary judgment was granted in favor of IHFC on all claims against it, (Oct. 22, 2015 Mem. Op. & Order ("October 22 Opinion")

[Doc. #147]), and in favor of Zuo on all claims against it, (Oct. 23, 2015 Order

[Doc. #150]).  Accordingly, Zuo, which asserted no claims itself, is no longer a

party to this litigation.

In the October 22 Opinion, Judge Catherine C. Eagles found that the lease

between IHFC and Kinwai, specifically Section 1.2, granted IHFC "substantial

rights to relocate Kinwai in IHFC's sole discretion." (October 22 Opinion at 4.)

Judge Eagles found that the space to which Kinwai was relocated was

substantially smaller than Kinwai's original space, but that IHFC both intended to

and did reconfigure the new space to the same size as Kinwai's original showroom,

8,032 square feet, as required by the lease. (Id. at 8.)  Judge Eagles next found

that the timing of the relocation gave Kinwai sufficient time to prepare the new

space for the October 2014 Furniture Market. (Id. at 9.)  Judge Eagles based this

on the substantial discretion Kinwai gave IHFC in the lease, the undisputed

evidence that the new space could have been ready in time, and the undisputed

evidence that Kinwai "undertook no timely effort to get Space H724 ready to use

at the October market." (Id. at 11.)  In response to Kinwai's assertion that IHFC

did not deliver the new space, Judge Eagles found that there was nothing to

indicate that Kinwai did not have access to the new space at any time it wanted.

(Id.)  In addition, Judge Eagles found that

> [w]hile Kinwai contends that IHFC breached by failing to deliver a new
> showroom equivalent to the original showroom in terms of
> improvements, the language of the lease explicitly says otherwise.
> The lease required Kinwai, not IHFC, to "refixture, redecorate, and

- 3 -

prepare" the space for the Market, and IHFC had no contractual duty
to upgrade the space to Kinwai's specifications.

(Id. at n.4 (internal citations omitted).)

Judge Eagles also addressed Kinwai's contention that it was constructively

evicted from the new space.

In its brief, Kinwai appears to contend that it was constructively
evicted from Space H724.  That claim is not made in the complaint,
and "[a] plaintiff may not amend [its] complaint through argument in a
brief opposing summary judgment."  In any event, the argument fails
for the same reason Kinwai's argument that IHFC did not finish its
demising work in time fails.

(Id. at 13 n.5 (internal citations omitted).)

Judge Eagles denied IHFC's motion for summary judgment on its second

counterclaim, (id. at 14-15), the only counterclaim for which it sought summary

judgment.  Therefore, both of IHFC's counterclaims remain pending.

In its answer to IHFC's counterclaims, Kinwai had asserted nine defenses:

failure to state a claim, statute of limitations, waiver/estoppel, failure to mitigate,

unclean hands, no performance of breached contract, void for vagueness,

unconscionability, and speculative conjecture. (Pl.'s Answer at 5-6 [Doc. #32].)

Because Judge Eagles did not find any breach of the lease, she granted summary

judgment to IHFC on Kinwai's seventh defense, no performance of breached

contract. (October 22 Opinion at 16.)

## II.

### A.

As the parties prepared for trial, Kinwai filed a Motion for Pretrial Dismissal under Rule 12(b)(1) arguing that IMC Manager, LLC, and not IHFC, is the actual party prosecuting this action. [Doc. #173.] IHFC responded that it is the real party in interest because the lease at issue is between IHFC and Kinwai. (Br. in Opp'n [Doc. #180].)

A motion to dismiss for lack of subject matter jurisdiction, filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). It is the plaintiff's burden to prove jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

At the January 11, 2016 hearing before the undersigned, the Court found that IHFC has standing to bring a claim for rent due and attorney's fees pursuant to its contract with Kinwai. (Tr. Jan. 11, 2016 Hearing at 6-13, 26-27 [Doc. #187].) Accordingly, Kinwai's Motion for Pretrial Dismissal [Doc. #173] is denied.

Also at the hearing, it was initially determined that no issues remained for trial. (Tr. Jan. 11, 2016 at 26.) IHFC then began discussing its calculations for its rent claim, but, because Kinwai challenged those calculations, Kinwai was permitted to memorialize its objection in writing to which IHFC could then respond.

(Id. at 30-34; <u>see also</u> Oral Motion (Jan. 11, 2016).)  In its written objection after the January 11 hearing, Kinwai asked for the rent claim to be reduced to account for the smaller square footage of the new space. (Obj. [Doc. #182].)  IHFC responded by clarifying that its claim for rent is not for the October 2014 Furniture Market, which was paid, but for the April 2015 Furniture Market that was due November 1, 2014 and has not been paid. (Resp. [Doc. #183].)  IHFC also contended that, under the terms of the lease, Kinwai is not entitled to a refund of any previously paid rent. (Id.)  A hearing on rent and attorney's fees was scheduled for January 28, 2016 so that the Court could determine if the issues should be decided as a matter of law or if genuine disputes of material fact existed. (<u>See</u> Tr. Jan. 28, 2016 Hearing at 3-4 [Doc. #188].)

B.

Mark Silver, a licensed general contractor and the owner of Suburban Construction Company in High Point, North Carolina, testified at the January 28, 2016 hearing. (Id. at 48-49.)  His company oversaw the demising work in Kinwai's new space, and, as such, he testified about the demising process and timeline, the certificate of occupancy, and the size of the new space. (Id. at 55-86.)  He also testified that he did not (nor did anyone that he knew of) actually measure the new space to confirm that it was 8,032 square feet. (Id. at 86.)  Because there was no evidence presented that anyone had actually measured the new space, it was found that Kinwai had presented an issue of whether or not the rent calculation

based on 8,032 square feet for the new space was supported by sufficient evidence. The parties were given two weeks to submit evidence on this issue and a week to respond to the other party's submission. (Id. at 110-12.)

C.

Within the time period afforded by the Court after the January 28, 2016 hearing, IHFC filed three affidavits in support of its claim for money owed. (See [Docs. #189-91].) On the same day, Kinwai filed a Motion for Leave to Amend Answer and Add Counterclaim [Doc. #192] and a Cross Motion for Summary Judgment [Doc. #193] and later timely responded and objected to IHFC's newly submitted affidavits [Doc. #195].

D.

In its Motion for Leave to Amend Answer and Add Counterclaim, Kinwai seeks to add a claim for constructive eviction and dispute the size of the new space. Kinwai requests to do so because "[n]ew evidence introduced at the hearing shows the prior reliance on Mark Silver's affidavit [Doc 39-3] to have been erroneous." (Mot. for Leave to Amend Answer & Add Countercl. at 3 [Doc. #192].) However, Kinwai does not expound on this argument further.

Judge Eagles cited to Mark Silver's affidavit in support of the findings that IHFC had done work to prepare Kinwai's new space in August and September, that Kinwai would have had plenty of time to prepare the new showroom for the October market if it had chosen to do so, that walls were demised in the new

space so that it was the same size as the original showroom, that Zuo readied its new space in time for the October market, and that IHFC did not prevent Kinwai from preparing its new space for the October market. (October 22 Opinion at 3, 7-10.)

To the extent that the new evidence to which Kinwai refers is Mr. Silver's testimony at the January 28, 2016 hearing that he did not measure the square footage of the new space, that he relied on measurements that IHFC provided and he calculated on his computer, and that the final inspection was not conducted and the certificate of occupancy not issued until the first week of October 2014, this is evidence that could have been discovered with due diligence during discovery. Kinwai's counsel deposed Mr. Silver and subpoenaed his records as part of that deposition. Inquiry into these issues could have been made then.

In addition, as discussed supra at § I., Judge Eagles dismissed Kinwai's claim of constructive eviction from the first space and, in a footnote, addressed Kinwai's claim that it was constructively evicted from the new space, to the extent Kinwai argued this in its summary judgment brief. Judge Eagles noted that Kinwai's argument in support of constructive eviction from the new space failed for the same reason its argument that IHFC did not finish the demising work in the new space in time for the October market failed. (See October 22 Opinion at 13 n.5.) She cited pages 9 through 11 of her Opinion in support. Those pages discuss: (1) undisputed evidence that Mr. Silver could have readied the new space

- 8 -

for the October market, (2) the lack of evidence that IHFC prevented Kinwai or its contractor from working on the space, (3) the lack of evidence that Kinwai hired anyone to work on the space, (4) Kinwai's decision in September to redirect the furniture to California which shows that Kinwai had decided by then not to exhibit at the October market regardless of whether IHFC had the space ready, (5) the space was ready for occupancy by the end of September which Kinwai had earlier stated was enough time for it to get ready for the market, (6) although the new space did not have specialty lighting or raised platforms that Kinwai wanted (or had in the first space), those were not IHFC's responsibility under the lease, and (7) the absence of those improvements did not prevent Kinwai from exhibiting.

"Constructive eviction occurs when an act of a landlord deprives his tenant of that beneficial enjoyment of the premises to which he is entitled under his lease, causing his tenant to abandon them." K & S Enters. v. Kennedy Office Supply Co., Inc., 520 S.E.2d 122, 126 (N.C. Ct. App. 1999) (internal quotation omitted). "In other words, constructive eviction takes place when a landlord's breach of duty under the lease renders the premises untenable." Id. Therefore, as part of her findings and conclusions, Judge Eagles necessarily found that IHFC did nothing to deprive Kinwai of its beneficial enjoyment of the new space to which it was entitled under the lease. In other words, she had to have found that IHFC did not breach a duty under the lease that would have rendered the new space untenable.

Kinwai's proposed amendments are predicated on facts and legal theories that previously failed on summary judgment.  The "law of the case" doctrine supports not disturbing Judge Eagles' determinations.  The "doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  Musacchio v. United States, ___ U.S. ___, 136 S. Ct. 709, 716 (2016) (internal quotations omitted).  The doctrine applies to findings of fact that are necessary predicates to legal conclusions. See Alpha/Omega Ins. Servs., Inc. v. Prudential Ins. Co. of Am., 272 F.3d 276, 279 (5th Cir. 2001) (explaining that "matters that were fulling briefed to the appellate court and . . . necessary predicates to the [court's] ability to address the issue or issues specifically discussed, [those issues] are deemed to have been decided . . . ") (alterations in original) (internal quotations omitted); see also In re DNA Ex Post Facto Issues, 466 F. App'x 235, 238 (4th Cir. Feb. 15, 2012) (unpublished) (quoting Healthcoat v. Potts, 905 F.2d 367, 370 (11th Cir. 1990) for the proposition that "[u]nder the 'law of the case' doctrine, the 'findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal'").  It also applies to issues expressly or impliedly decided. Walker v. Kelly, 589 F.3d 127, 137 (4th Cir. 2009).

"The doctrine expresses the practice of courts generally to refuse to reopen what has been decided, but it does not limit [courts'] power." Musacchio, 136 S.

Ct. at 716 (alteration in original) (internal quotations omitted).  This is particularly true with rulings made by a coordinate court.  "[W]hether rulings by one district judge become binding as 'law of the case' upon subsequent district judges is not a matter of rigid legal rule, but more a matter of proper judicial administration which can vary with the circumstances." United States v. Lentz, 384 F. Supp. 2d 934, 939 (E.D. Va. 2005) (quoting Hill v. BASF Wyandotte Corp., 96 F.2d 287, 290 n.3 (4th Cir. 1982)).  For example, a court may "depart from a prior holding if convinced that it is clearly erroneous and would work a manifest injustice." Arizona v. California, 460 U.S. 605, 618 n.8 (1983).  Here, the Court is not so convinced.  Instead, this is one of those circumstances when it is "proper for a district judge to treat earlier rulings as binding". Hill, 96 F.2d at 290 n.3 (noting cases in which it has "affirmed as proper a district judge's application of an earlier ruling by another judge as 'binding' upon him on the facts of the case").

Although Mr. Silver testified that he did not personally measure the square footage of the new space, there is nothing in the record to suggest that the measurements IHFC used in drafting its plans or the plans themselves, (see Ex. A to 3d Mark Silver Aff. [Doc. #39-3]), on which Mr. Silver relied were incorrect. The plans were developed on a computer using a CAD program whereby "[t]he computer totals the space mathematically through the computer and prints out the square footage." (Tr. Jan. 28, 2016 Hearing at 60-61.)  These plans are sent to an architect, who formulates a second set of plans that serves as a "double-check"

for the first set of plans. (Id. at 68-69.)  When the building inspectors perform their review of the completed work, the work must match the architectural plans, which serves as a third check of the plans. (Id. at 69.)  When Mr. Silver receives plans like this from IHFC, he views them electronically through a CAD program or other architecture program to determine measurements not always present on the paper copy of the plans. (Id. at 66-68.)  He maintains a set of plans on site and files two copies with the city inspector, both of which include dimensions. (Id. at 69-70; see also id. at 86.)

In addition, Mr. Silver testified, as he had averred in his affidavit, that the new space was the same size as the first space as of September 3 and that the carpeting and painting were complete on September 23.  While the October 6 issuance of the certificate of occupancy was new information on the record, Mr. Silver testified that in his experience, his "criteria has been . . . just to make sure that all of our spaces have their certificate of occupancy before market, so then that's the way that it's been worked out . . . ." (Id. at 72.)  In his decades of "experience working in the showroom buildings doing both landlord and tenant work," tenant work and landlord work is "[q]uite often" "commonly done at the same time". (Id. at 48, 52.)

Nothing about which Mr. Silver testified at the January 28, 2016 hearing calls into question the determinations previously made at summary judgment or otherwise suggests that amendment is appropriate or would not be futile.

Therefore, Kinwai's Motion for Leave to Amend Answer and Add Counterclaim [Doc. #192] is denied.

E.

Next, Kinwai responded to what it understood "to be the Court's sua sponte summary judgment proceeding [at the January 28, 2016 hearing] regarding its position on whether disputed facts remain for trial on the issue of rent" by filing a Cross Motion for Summary Judgment [Doc. #193]. (Mem. in Supp. of Cross Mot. for Summ. J. at 1 [Doc. #194].)  Kinwai asks that summary judgment be granted in its favor on IHFC's rent claim and that Kinwai's claim for damages in the form of prepaid rent be granted as a matter of law.  Its argument in support of summary judgment is similar to its arguments in support of amending its pleading – that Mr. Silver had no personal knowledge of the square footage of the new space and that there was no certificate of occupancy until the first week of October 2014.[1]

---

[1] During the January 28, 2016 hearing, it came to the Court's attention that Kinwai did not have a copy of the certificate of occupancy for the new space. Unsure if even IHFC did, IHFC's counsel requested a copy from his staff and Mr. Silver during the hearing and quickly received an electronic copy.  After the hearing, IHFC submitted a certified copy of the certificate. (See Edwin J. Brown, Jr. Aff. Ex. C [Doc. #189].)  During the hearing, Kinwai argued that it had requested the certificate of occupancy during discovery and directed the Court to its request for documents to which it believed the certificate of occupancy to have been responsive and argued for sanctions. (Tr. Jan. 28, 2016 Hearing at 90-92.) After the hearing, IHFC submitted the affidavit of Meredith Duffey explaining that, after the hearing, she had found the certificate of occupancy for the new space included in her email files. (See generally Meredith Duffey Aff. [Doc. #191].)  Upon review of the parties' arguments and submissions, it is determined that no sanctions are appropriate.

Neither these nor Kinwai's other arguments, though, support returning its prepaid rent or denying IHFC's rent claim as a matter of law. (See, e.g., supra §§ I, II.D.) Kinwai's Cross Motion for Summary Judgment [Doc. #193] is denied.

F.

Three of Kinwai's motions are motions to reconsider pursuant to Rule 54 of the Federal Rules of Civil Procedure. (See [Docs. #203, 209, 211].)  On May 4, 2016, Kinwai filed a Motion to Reconsider [the October 2015 Orders on] Summary Judgment [Doc. #203] asking that the grant of summary judgment to IHFC and to Zuo be reconsidered.  On February 2, 2017, Kinwai filed a Motion to Reconsider and Expunge Document 146 [Doc. #209] asking the Court to reconsider the October 13, 2015 Order [Doc. #146] finding that Kinwai and its counsel violated Rule 11.  On February 14, 2017, Kinwai filed a third Motion for Reconsideration [Doc. #211] asking the Court to reconsider both the Order finding bad faith and granting attorney's fees [Doc. #141] and the Order awarding $14,925 in attorney's fees [Doc. #151].

"An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." Fayetteville Inv. v. Com. Builders, Inc., 936 F.2d 1462, 1469 (4th Cir.1991); see Fed. R. Civ. P. 54(b).  Rule 54(b) motions are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003).  Reconsideration of interlocutory orders is "within the plenary power of the

Court that rendered them to afford such relief from them as justice requires."

Fayetteville Inv., 936 F.2d at 1473. "[D]octrines such as law of the case . . . have

evolved as a means of guiding that discretion." Am. Canoe Ass'n, 326 F.3d at 515

(citing Sejman v. Warner–Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)). "A

motion to reconsider is appropriate when the court has obviously misapprehended

a party's position or the facts or applicable law, or when the party produces new

evidence that could not have been obtained through the exercise of due diligence."

United States v. Duke Energy Corp., 218 F.R.D. 468, 474 (M.D.N.C. 2003)

(quoting Fidelity State Bank v. Oles, 130 B.R. 578, 581 (D. Kan. 1991) and noting

that an interlocutory order may be revisited at any time before final judgment).

However, a motion to reconsider may not be used to raise arguments or introduce

evidence that could have been addressed or presented previously. See Volumetrics

Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc., No. 1:05CV955, 2011 WL

6934696, at *2 (M.D.N.C. Dec. 30, 2011) (unpublished) (explaining that "a

motion to reconsider is not proper where it only asks the Court to rethink its prior

decision, or presents a better or more compelling argument than the party could

have presented in the original briefs on the matter").

Kinwai has not presented convincing reasons to reconsider these previous

Orders. It has not demonstrated that Judge Eagles' decisions were erroneous or

that any new developments have rendered those decisions incorrect. Therefore,

each of Kinwai's Motions for Reconsideration [Docs. #203, 209, 211] is denied.

## G.

Kinwai has also moved pursuant to Rule 11 for sanctions against IHFC and its counsel for allegedly making factual contentions and denials in its responses in opposition to Kinwai's motions to reconsider "knowing such contentions to have no evidentiary support" and such "denials were not warranted by the evidence", [Doc. #218 (referring to Docs. #213, 214)], and for responding with an "improper purpose", (id. (referring to Doc. #213)). Kinwai requests that IHFC's counterclaim be dismissed and that it be ordered to pay Kinwai's related attorney's fees. (Id.)

Pursuant to Rule 11, an attorney's representations to the Court must, to the best of the attorney's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances", not be presented for an improper purpose. Fed. R. Civ. P. 11(b)(1). Factual contentions must have evidentiary support, and factual denials must be warranted based on the evidence. Fed. R. Civ. P. 11(b)(2), (3). Once the purported offending party has had a reasonable opportunity to respond, and if the Court determines that Rule 11(b) has been violated, the offending party may be sanctioned. Fed. R. Civ. P. 11(c)(1). Despite Kinwai's vehement argument otherwise, there is nothing to suggest that IHFC or its counsel violated Rule 11(b) in its responses [Docs. #213, 214] in opposition to Kinwai's motions to reconsider. Therefore, sanctions under Rule 11(c) are not warranted, and Kinwai's Motion for Rule 11 Sanctions [Doc. #218] is denied.

H.

IHFC has moved to dismiss its Second Claim for Relief (Breach of Use Requirement and Radius Restriction of the Lease) as moot pursuant to Rules 41(a)(2) and 41(c) of the Federal Rules of Civil Procedure. [Doc. #164].

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . .  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).  "This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim." Fed. R. Civ. P. 41(c).

A party's "motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to" the other party. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986).  Factors a district court should consider in ruling on a Rule 41(a)(2) motion include "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending." Hobbs v. Kroger Co., No. 98-1831, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999) (unpublished) (citing Phillips USA, Inc. v. All-flex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996)).  The Fourth Circuit has found that substantial prejudice can arise where "the case has advanced to the summary judgment stage and the parties have incurred substantial costs in discovery." Howard v. Inova Health Care

Servs., 302 F. App'x 166, 179 (4th Cir. 2008) (unpublished) (citing cases); see also Andes, 788 F.2d at 1036-37.

The claim that IHFC moves to dismiss sought specific performance of a radius restriction clause in a now expired lease. (See Am. Answer & Countercl., Countercl. ¶¶ 21-30.) The radius restriction clause is past its enforcement date making any claim for enforcement moot. IHFC also does not object to the Court's dismissing this claim with prejudice. (Mot. to Dismiss at 3.) Therefore, Kinwai is not prejudiced by the claim's dismissal. IHFC's Motion to Dismiss [Doc. #164] is granted and its second claim is dismissed with prejudice.

## I.

Kinwai's remaining two motions are denied as moot. In its Motion to Strike Response Exhibits [Doc. #185], Kinwai moved to strike two exhibits pursuant to Federal Rules of Evidence 801(c) and 901(a) – Mark Silver's Affidavit [Doc. #39-3] and IHFC's Statement of Account [Doc. #183-2]. In the alternative, Kinwai requested an opportunity to produce exhibits in its defense on the rent claim. At the conclusion of the January 28, 2016 hearing, the Court allowed both IHFC and Kinwai to submit further evidence and briefing concerning the rent claim. Therefore, this motion [Doc. #185] is denied as moot. Kinwai most recently filed an Emergency Motion to Expedite Rulings [Doc. #221]. This Opinion addresses all outstanding motions. Therefore, Kinwai's Emergency Motion [Doc. #221] is denied as moot.

III.

A.

After a thorough review of the October 22, 2015 Opinion on summary judgment and its necessary findings, the testimony and argument presented at the January 2016 hearings, and the parties' subsequent submissions, it is determined that IHFC's claim for money owed, (Am. Answer & Countercl. ¶¶ 14-20), can be determined as a matter of law as there are no genuine disputes of material fact.

Rule 26(f) of the Federal Rules of Civil Procedure allows the Court, "[a]fter giving notice and a reasonable time to respond", to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."  Summary judgment is appropriate when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  The "mere existence of some alleged factual dispute between the parties" is insufficient; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  A dispute is genuine if a reasonable jury, based on the evidence, could find in favor of the party against whom the Court is considering ruling. Id. at 248.  The materiality of a fact depends on whether the existence of the fact could cause a jury to reach different outcomes. Id.

First, there is no dispute that Kinwai has not paid the rent that was due November 1, 2014 for the April 2015 Furniture Market.  Prior to the January 28, 2016 hearing, Kinwai's only dispute was over return of a portion of the rent that it

paid for the October 2014 Furniture Market. (See Obj. [Doc. #182].)  Kinwai

argued that rent for that period should have taken into account the period of time

that the new space was not yet 8,032 square feet, the size upon which rent for

that period was based. (Id.)  However, not only are "[a]ll payments of rent . . . final

and nonrefundable", (Lease § 3.1 [Doc. #31-1]; see also id. § 3.2), but the new

space was found to be 8,032 square feet by the time rent was due on November

1, 2014 for the April 2015 Furniture Market.

In her opinion granting IHFC summary judgment on all claims against it,

Judge Eagles found as a matter of law that IHFC did not breach the lease, given

IHFC's discretion "under the lease to select a relocation space and the fact that the

reconfigured Space H724 was similar in size." (October 22 Opinion at 8.)  She

found it to be undisputed that "IHFC intended . . . to reconfigure Space H724 . . .

so that it would have the same size as the original showroom" and "[t]his is in fact

what happened." (Id.)  In other words, Judge Eagles found that the new space, as

demised, was 8,032 square feet.

Kinwai is correct that Mr. Silver's affidavit [Doc. #39-3] was the basis for

the finding that the new space was demised to be the same size as the original

showroom.  However, as previously explained, nothing at the January 28, 2016

hearing calls into question Mr. Silver's averments in his affidavit or Judge Eagles'

reliance on it.  While Mr. Silver did not personally measure the square footage of

the new space, nothing in the record suggests that the measurements IHFC

provided of the new space or the computer-generated calculated dimensions upon which Mr. Silver, the architects, and the city inspectors relied were false or otherwise inaccurate.

IHFC proffered three affidavits after the January 28, 2016 hearing. (See [Docs. #189-91].)  Kinwai objected to the submission of these affidavits, in part, because none of the three affiants was listed in initial or pretrial disclosures as potential witnesses. (Obj. at 1 [Doc. #195].)  Kinwai also objected specifically to the affidavit of Kimberly Cox, Tenant Improvement Specialist, who averred that no further work had been performed on the new space since its enlargement for the October 2014 Furniture Market and that she personally measured the space on February 4, 2016 and entered her measurements into CAD, which produced a drawing, attached as an exhibit to her affidavit, showing a square footage of 8,058. (Kimberly Cox Aff. ¶¶ 1-4; Ex. A to Cox Aff.)  The Court recognizes Kinwai's objections to the submission of these affidavits by individuals who were not previously disclosed as potential witnesses, but those affidavits were filed at the Court's inquiry and in response to issues newly raised by Kinwai at the January 28, 2016 hearing.  Nevertheless, the square footage of the new space had already necessarily been determined by Judge Eagles and, as explained above, nothing in

the record indicates that calculation was incorrect.  Ms. Cox's measurement of the space nearly a year and a half later is not necessary to this finding.[2]

Kinwai submitted affidavits of Gang Yuan Wu (Joey Wu) and Daniel Murphy (see [Docs. #195-3, 195-4]), apparently in response to the Court's request for affidavits verifying the dates of certain photographs previously before the Court and in response to Ms. Cox's affidavit.  Mr. Wu described his August 26, 2014 photograph of the new space, attached as an exhibit to his affidavit, as showing the space's two offices and "many walls". (Joey Wu Aff. [Doc. #195-3].)  Mr. Murphy, Design Coordinator and Special Products Manager for Kinwai, USA and Kinwai, visited and inspected the new space, which "had two offices, a closet, and many walls", on September 17 and 18, 2014, and photographed it on September 18. (2d Daniel Murphy Aff. ¶ 1,2 [Doc. #195-4]; Exs. A-C to Murphy Aff.)  Additional photographs of the new space were texted to Mr. Murphy by Steve Martin on October 1 and 3, 2014 and "show two offices and walls". (Id. ¶ 3; Exs. D-H to Murphy Aff.)  Yet, these affidavits and pictures do not create a genuine dispute over the size or habitability of the new space as demised.

Nothing in Kinwai's objection or affidavits calls into question the earlier finding that the new space, as demised, is the same size as the original showroom – 8,032 square feet.  As explained above, there is also no issue about whether

---

[2] In addition, neither of IHFC's other two affidavits, which address the certificate of occupancy, affect the Court's determination. See supra § II.D (discussing constructive eviction from the new space).

Kinwai was constructively evicted from the new space. As determined by Judge Eagles, it was not.

B.

The lease, which was effective through October 31, 2015, set a base rent at $14.50 per square foot per year for 8,032 square feet. (Lease Cover Sheet.) The new space was automatically substituted for the original showroom as of the date that IHFC gave notice of the relocation. (Id. § 1.2.) Exhibit A to the lease, bearing initials matching those for Kinwai's representative signed on every page of the lease, is a rent payment schedule for the duration of the lease with the exact rent owed for the April 2015 Furniture Market, due on November 1, 2014, of $62,983.73. (Id. at Ex. A.) This calculation includes the base rent of $14.50 per square feet of 8,032 square feet, plus a step increase. (Id.)

In addition to the total rent due of $62,983.73, the lease provides for payment of a showroom tax and utilities. (See Lease §§ 8.3, 9.0.) IHFC submitted an unrefuted Statement of Account issued on October 30, 2014 showing $602.40 owed for the Showroom Tax and $24.10 owed for utilities for a total amount due, including rent, of $63,610.23. (See Statement of Account [Doc. 183-2].)

IHFC also gave Kinwai notice of its intent to enforce Section 16.0(i) of the lease calling for reasonable attorney's fees, which North Carolina General Statute § 6-21.2 construes as 15% of the outstanding balance of $63,610.23, which is $9,541.53. (See Am. Answer & Countercl., Countercl. ¶¶ 18-19; Lease § 16.0(a)

(applying North Carolina law to the lease); Tr. Jan. 11, 2016 Hearing at 31.)

Kinwai is also obligated to pay a late charge equal to 5% of the overdue amount,

which equals $3,180.51. (Lease § 12.3; <u>see</u> Tr. Jan. 11, 2016 Hearing at 30.)  In

addition, Kinwai is obligated to pay pre-judgment interest on the unpaid balance of

$63,610.23 at a rate of the lower of 1.5% per month or the maximum lawful rate,

which is 8% (N.C. Gen. Stat. § 24-1), from November 1, 2014 (the date of

breach) to the date of the entry of the judgment. (Lease § 16.0(h).)

When Kinwai was afforded the opportunity to be heard on these figures at

the January 11, 2016 hearing, Kinwai only took issue with the square footage

upon which the rent was calculated. (<u>See</u> Tr. Jan. 11, 2016 Hearing at 31-33.)

When Kinwai objected in writing after the hearing, its only challenge remained one

about the square footage. (<u>See</u> Obj. [Doc. #182].)  Kinwai concluded its objection

by asking the rent claim be reduced to take into account the time during which the

new space had yet to be demised and that "all corresponding numbers for fees be

based on the new number." (<u>Id.</u> at 3.)  At the January 28, 2016 hearing, Kinwai's

challenges focused on the square footage of the new space and the issuance of

the certificate of occupancy. (<u>See generally</u> Tr. of Jan. 28, 2016 Hearing.)  In

other words, the only calculation to which Kinwai objected was the rent due, but it

has been determined that the rent due is correctly based on 8,032 square feet.

Therefore, judgment on IHFC's claim for money owed is awarded in its favor

as a matter of law and its Oral Motion is granted.  It is determined that IHFC is

- 24 -

entitled to $63,610.23 in rent, showroom tax, and utilities owed; attorney's fees

of $9,541.53; a late fee of $3,180.51; and pre-judgment interest at a rate of 8%

on $63,610.23 from November 1, 2014 to the date of the entry of the judgment.

IV.

For the reasons stated herein, **IT IS HEREBY ORDERED** that IHFC's Motion to

Dismiss Second Claim for Relief Contained in Its Counterclaim [Doc. #164] and

Oral Motion for Past Due Rent and Attorney Fees (Oral Motion Jan. 11, 2016) are

**GRANTED**. **IT IS FURTHER ORDERED** that Kinwai's Motion to Dismiss Counter

Complaint [Doc. #173], Motion for Leave to File Amended Answer and

Counterclaim [Doc. #192], Cross Motion for Summary Judgment [Doc. #193],

Motion to Reconsider Summary Judgment [Doc. #203], Motion to Reconsider and

Expunge Document 146, Court Order Finding Plaintiff and its Counsel Violated Rule

11 [Doc. #209], Motion to Reconsider Court Order Finding Bad Faith and Court

Ordered Sanctions [Doc. #211], and Motion for Sanctions [Doc. #218] are

**DENIED**. **IT IS FURTHER ORDERED** that Kinwai's Motion to Strike Response

Exhibits [Doc. #185] and Emergency Motion to Expedite Rulings [Doc. #221] are

**DENIED AS MOOT**.

IT IS FURTHER ORDERED that judgment as a matter of law is granted to

IHFC on its claim for money owed and that judgment be entered against Kinwai in

the amount of $63,610.23 in rent, showroom tax, and utilities owed; attorney's

fees of $9,541.53; a late fee of $3,180.51; and pre-judgment interest at a rate of

8% on $63,610.23 from November 1, 2014 to the date of the entry of the

judgment.

**IT IS FURTHER ORDERED** that this action be **DISMISSED.**

This the 18th day of August, 2017.

/s/ N. Carlton Tilley, Jr.

Senior United States District Judge