# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JIANGMEN KINWAI FURNITURE DECORATION CO. LTD, <br><br> Plaintiff, <br><br> v. <br><br> IHFC PROPERTIES, LLC, ET AL., <br><br> Defendants. | 1:14CV689 |

## MEMORANDUM ORDER

Pending before the Court are three post-judgment motions – Defendant IHFC Properties, LLC's ("IHFC") Motion to Amend Memorandum Opinion and Order and Judgment Pursuant to Rules 52(b) and 59(e) ("Motion to Amend") [Doc. #236], Defendant IHFC's Motion to Substitute IHFC Properties SPE, LLC as Defendant ("Motion to Substitute") [Doc. #238], and Plaintiff Jiangmen Kinwai Furniture Decoration Co. Ltd's ("Kinwai") Cross-Motion to Amend Judgment Pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(4), and 60(b)(3) ("Cross-Motion to Amend") [Doc. #239]. For the reasons stated herein, IHFC's Motion to Amend is denied, IHFC's Motion to Substitute is denied, and Kinwai's Cross-Motion to Amend is denied.

I.

On August 18, 2017, judgment was entered in favor of IHFC on its claim for money owed and, therefore, against Kinwai in the amount of $63,610.23 in rent, showroom tax, and utilities owed, attorney's fees of $9,541.53, a late fee of

$3,180.51, and pre-judgment interest at a rate of 8 percent per annum on $63,610.23 from November 1, 2014 to the date of the entry of the Judgment. (See J. at 2 [Doc. #231].)

On September 12, 2017, IHFC timely filed a motion to amend that Judgment pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. IHFC argues that the Court erred in awarding pre-judgment interest at a rate of 8 percent, the legal rate as provided in N.C. Gen. Stat § 24-1. IHFC contends that, per the terms of the Lease between Kinwai and IHFC and on which IHFC's claim for money owed is based, the correct pre-judgment interest rate is 1.5 percent per month or 18 percent per annum. (See Mot. to Amend ¶¶ 4-7; Def. IHFC's Mem. of Law in Supp. of Mot. to Amend at 3-6 [Doc. #237].) On the other hand, Kinwai argues that the Court correctly applied the terms of the Lease which called for the lower rate of 1.5 percent per month or the "maximum lawful rate", which Kinwai contends is the same as the "legal rate" of 8 percent in N.C. Gen. Stat. § 24-1. (Resp. in Opp'n to IHFC's Mot. to Amend at 1-4 [Doc. #242].)

It is true that for contracts, such as a lease, the parties may agree to a certain pre-judgment interest rate. See, e.g., J.M. Parker & Sons, Inc. v. William Barber, Inc., 704 S.E.2d 64, 70 (N.C. Ct. App. 2010) (quoting Barrett Kays & Assocs., P.A. v. Colonial Bldg. Co., Inc., 500 S.E.2d 108, 112 (N.C. Ct. App. 1998) and affirming award of pre-judgment interest at the agreed-upon rate of 18 percent per year); Barrett Kays & Assocs., P.A., 500 S.E.2d at 112 (explaining that, if the parties to a contract have agreed to "the rate of interest to be applied in

2

a breach of contract", "the agreement shall prevail" and applying the agreed-upon rate of 1.5 percent per month as the rate for pre-judgment interest). In the absence of an agreement, the legal rate of interest provided in N.C. Gen. Stat. § 24-1 applies. Interstate Equip. Co. v. Smith, 234 S.E.2d 599, 604 (N.C. 1977) (applying the legal rate of interest because of lack of evidence that the parties agreed on an interest rate). Here, the parties agreed, in relevant part, that "[a]mounts not paid IHFC when due will bear interest on the unpaid balance **at the lower rate** of one and one-half percent (1-1/2%) per month or the maximum lawful rate". (Lease § 16.0(h) [Doc. #31-1] (emphasis added).)

North Carolina "courts adhere to the central principle of contract interpretation that '[t]he various terms of the [contract] are to be harmoniously construed, and if possible, every word and every provision is to be given effect.'" In re Hall, 708 S.E.2d 174, 178 (N.C. Ct. App. 2011) (quoting Duke Energy Corp. v. Malcolm, 630 S.E.2d 693, 695 (N.C. Ct. App. 2006)) (alterations in original). Another "well-settled principle of legal construction [is] that it must be presumed the parties intended what the language used clearly expresses, and the contract must be construed to mean what on its face it purports to mean." Id. (quoting Self-Help Ventures Fund v. Custom Finish, 682 S.E.2d 746, 749 (N.C. Ct. App. 2009)). "Where a [contract] defines a term, that definition is to be used. If no definition is given, nontechnical words are to be given their meaning in ordinary speech, unless the context clearly indicates another meaning was intended." Woods v. Nationwide Mut. Ins. Co., 246 S.E.2d 773, 777 (N.C. 1978).

Applying these principles of contract interpretation, it is determined that the award of pre-judgment interest at a rate of 8 percent per annum was correct. First, there is nothing in the Lease that defines "maximum lawful rate" and nothing in the context of the Lease to suggest a distinction between "maximum lawful rate" and "maximum legal rate". IHFC correctly notes that the laws of usury, which often refer to the maximum interest rate allowed by law, do not apply to the Lease because it is a contract. In the context of the Lease, there is nothing to suggest that the phrase "maximum lawful rate" would mean anything other than the maximum legal rate.

Next, to award pre-judgment interest at a rate of 1.5 percent per month would render meaningless the language "at the lower rate", as well as "maximum lawful rate". While courts have approved the award of pre-judgment interest at a rate of 1.5 percent per month, the parties to those contracts agreed to exactly that. See J.M. Parker & Sons, Inc., 704 S.E.2d at 70 ("This award of eighteen percent was based on the agreement between the parties".); Barrett Kays & Assocs., P.A., 500 S.E.2d at 112 ("[T]he agreed rate of interest, 1.5 percent per month, must be applied per-judgment".) Here, the parties agreed to the lower of 1.5 percent per month or the maximum lawful rate. The lower of those rates is the maximum lawful rate, or the legal rate of 8 percent per annum. In other words, under the terms of the Lease, pre-judgment interest is awarded at 8 percent per annum as the parties agreed – it is the lower of the two rates provided in the Lease. Therefore, IHFC's Motion to Amend is denied.

II.

IHFC has also moved to substitute IHFC Properties SPE, LLC as Defendant or, alternatively, to join IHFC Properties SPE, LLC as a co-defendant. On November 21, 2016, more than one year after Kinwai's claims against IHFC were dismissed, IHFC conveyed the real property that contained the furniture showroom previously leased to Kinwai to IHFC Properties SPE, LLC. (Mot. to Substitute ¶¶ 3, 5.) Despite Kinwai's protestations otherwise, (see Resp. in Opp'n to IHFC's Mot. to Substitute at 3 [Doc. #241]), "the real estate transfer did not transfer ownership of IHFC's rent claim against Kinwai, a claim which arose two years earlier." (Def. IHFC's Reply to Pl.'s Resp. in Opp'n at 2 [Doc. #245]; see also Fifth Aff. of Kim Rieck ¶¶ 5-7 (Oct. 3, 2017) [Doc. #243-2] (averring that "IHFC Properties LLC has not assigned or otherwise transferred any interest in the Rent Claim to any other party and specifically has not transferred the Rent Claim to IHFC Properties SPE, LLC . . . . In part, IHFC Properties LLC has retained the Rent Claim because the Rent Claim was already the subject of a counterclaim in this lawsuit").

"Instead, IHFC move[s] for the substitution or joinder of IHFC Properties SPE, LLC as a matter of judicial economy in order to attempt to avoid a third lawsuit by Kinwai." (Id.) In fact, the Assignment and Assumption Agreement attached as Exhibit A to IHFC's Motion to Substitute provides that the assignment of any claims and judgments in this action to IHFC Properties SPE, LLC and its assumption of any obligations under the Lease, if any, for Kinwai's claims against IHFC "is subject to and conditioned on the Court's approval of IHFC Properties,

5

LLC's Motion to Substitute IHFC Properties SPE, LLC in the Civil Action." (Ex. A to Mot. to Substitute [Doc. #238-1].[1])  In other words, there has yet to be a transfer of IHFC's interest in this action.

Rule 25(c) of the Federal Rules of Civil Procedure provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  "The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred." 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1958 (3d ed. 2017).  "Since the matter is discretionary, the court . . . may refuse substitution if this seems the wisest course." Id.  Here, because, among other reasons, there has been no transfer of interest, IHFC Properties SPE, LLC does not need to be substituted or joined as a defendant pursuant to Rule 25(c).[2]  Therefore, IHFC's Motion to Substitute is denied.

---

[1] The Court gives no weight to Kinwai's argument that the Assignment and Assumption Agreement is "a fictional document" "created" by "IHFC and its attorney" that "may have been created by Mr. Lasine without corporate authority." (Resp. in Opp'n to IHFC's Mot. to Substitute at 5-6.)

[2] This does not mean, however, that Kinwai was correct in its argument that this "motion is a sham and an attempt by IMC Manager LLC and its attorney to play 'fast and loose' with this Court." (Resp. in Opp'n to IHFC's Mot. to Substitute at 1.)  Furthermore, Kinwai's argument that the motion "should be summarily denied under Local Rule 7.3(k) because it has no brief or arguments in support", (id. at 8), is incorrect. See L. R. 7.3(j) ("No brief is required by either movant or respondent, unless otherwise directed by the Court, with respect to the following motions: . . . (8) for substitution of parties . . . .").

6

Because this motion is denied, there is no need for the evidentiary hearing or discovery requested by Kinwai. (See Resp. in Opp'n to IHFC's Mot. to Substitute at 6.) Furthermore, despite Kinwai's characterization of this motion as "frivolous" in support of its request for attorney's fees under 28 U.S.C. § 1927, (id. at 7), such fees are not warranted here.

III.

Kinwai has, in turn, moved to amend the judgment pursuant to Rules 59 and 60(b)(4) because the Court lacked subject matter jurisdiction to enter the judgment or, alternatively, pursuant to Rule 60(b)(3) because of "IHFC's and its attorney's misconduct in the litigation by failing to properly disclose the transfer to the Court". (Cross-Mot. to Amend J.) The basis for Kinwai's arguments is that "IHFC Properties, LLC did not have any substantive interest in the claim for rent on the date judgment was entered in this case – August 18, 2017. That claim belonged to IHFC Properties SPE, LLC." (Mem. of Law at ¶ 21 [Doc. #240]; see also id. at 6-11.) But, as explained above and more fully in IHFC's Response in Opposition to Kinwai's Cross-Motion [Doc. #243], the November 2016 conveyance of real estate to IHFC Properties SPE, LLC did not transfer IHFC's rent claim, and IHFC has yet to transfer its rent claim. The record does not support Kinwai's argument that IHFC or its attorneys have participated in misconduct in this litigation by failing to disclose IHFC's transfer of interest, (see Mem. of Law at 11-14), because there has been no transfer of interest in the rent claim. The record also does not support Kinwai's accusation that IHFC's supporting affidavit by Kim Reick "is a sham so

7

qualified that it says absolutely nothing" or argument that there is a need "to sift through the double-sided lawyer talk found in [the] affidavit", (Reply Mem. of Law ¶¶ 7, 16 [Doc. #247]); therefore, there is no need for an evidentiary hearing on the matter, as Kinwai requested.  Kinwai's Cross-Motion to Amend is denied.

IV.

For the reasons stated above, IT IS HEREBY ORDERED that IHFC Properties, LLC's Motion to Amend Memorandum Opinion and Order and Judgment Pursuant to Rules 52(b) and 59(e) [Doc. #236] is DENIED, Defendant IHFC's Motion to Substitute IHFC Properties SPE, LLC as Defendant [Doc. #238] is DENIED, and Plaintiff Jiangmen Kinwai Furniture Decoration Co. Ltd's Cross-Motion to Amend Judgment Pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(4), and 60(b)(3) [Doc. #239] is DENIED.

This the 2nd day of January, 2018.

/s/ N. Carlton Tilley, Jr.<br>Senior United States District Judge